UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Maria CAMPBELL DAVIS and Abdel Wahab ALAUSSOS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; Kenneth T. CUCCINELLI, Senior Official Performing Duties of the Director, U.S. Citizenship and Immigration Services, in his official capacity; Chad WOLF, Secretary of the Department of Homeland Security, in his official capacity; Kathleen BAUSMAN, Field Office Director, U.S. Citizenship and Immigration Services, Philadelphia Field Office, in her official capacity; and William P. BARR, Attorney General, in his official capacity.<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF** |

1. Plaintiffs are lawful permanent residents whose applications for naturalization have been approved by Defendant U.S. Citizenship and Naturalization Services (USCIS) but who have been unable to complete the last step of the naturalization process for months due to the COVID-19 pandemic. While the initial delay was both understandable and necessary, it now has left hundreds of individuals under the jurisdiction of USCIS's Philadelphia Field Office without the benefits and privileges of U.S. citizenship. Moreover, further delay is unnecessary; Congress has provided tools to address this precise situation, empowering both this Court and USCIS to provide for either judicial oath ceremonies or immediate administrative naturalization. 8 U.S.C. § 1448(c).

2. Plaintiffs seek an order from this Court instructing Defendant USCIS to conduct

1

"immediate administrative naturalization[s]," pursuant to 8 U.S.C. § 1448(c), utilizing all available technologies, at least twenty-one (21) days before October 19, 2020, the last day on which Pennsylvania voters may register to vote in the national November election; i.e. by September 28, 2020.

3. Due to the outbreak of the novel coronavirus, which causes the illness known as COVID-19, the world is experiencing a global pandemic on a scale not seen for over a century. Recognizing that physical separation is the only way to prevent the spread of this deadly virus, in mid-March the federal government, including this Court and Defendant USCIS, restricted public access and cancelled public events. Soon thereafter, on April 1, 2020, the Commonwealth of Pennsylvania issued a stay at home order.[1]

4. Among the events cancelled by USCIS were naturalization ceremonies during which lawful permanent residents with approved naturalization applications recite an oath of allegiance to the United States, at which point they become U.S. citizens. Plaintiffs, and the class members they seek to represent, are lawful permanent residents with approved naturalization applications whose ceremonies were cancelled to protect them from contracting COVID-19.

5. On June 5, 2020, Pennsylvania began a phased lifting of the stay-at-home order. The new guidelines prohibit gatherings of more than twenty-five (25) individuals and will remain in effect for an indefinite period of time.[2] As a result, Plaintiffs and putative class members face continued delays of likely months or longer in their ability to obtain U.S. citizenship. Plaintiffs ask this Court to implement the remedy created by Congress for special circumstances such as

---

[1] *See* Order of the Governor of the Commonwealth of Pennsylvania for Individuals to Stay at Home (Apr. 1, 2020), https://www.governor.pa.gov/wp-content/uploads/2020/04/20200401-GOV-Statewide-Stay-at-Home-Order.pdf.
[2] *See* Responding to COVID-19 in Pennsylvania, Governor Tom Wolf (last updated June 9, 2020), https://www.pa.gov/guides/responding-to-covid-19.

these, by ordering USCIS to expedite their naturalization pursuant to 8 U.S.C. § 1448(c).

6. United States citizenship confers fundamental rights and privileges, including, but not limited to, the right to vote; access additional grants, scholarships, and public benefits; hold certain offices; travel internationally; confer automatic citizenship on children under eighteen (18) years of age; petition for certain family members to immigrate to the United States; and apply for certain government and private sector jobs. In recognition of the importance of naturalization, Congress provided that oath ceremonies must be "conducted frequently and at regular intervals," *Id*. § 1448(d), which the agency has interpreted to mean, "in all events at least once monthly where it is required to minimize unreasonable delays." 8 C.F.R. § 337.2(a).

7. Likewise, Congress provided a mechanism to permit individuals who are on the brink of obtaining U.S. citizenship but face special circumstances, to obtain an expedited administration of the oath of allegiance to complete the naturalization process. Under 8 U.S.C. § 1448(c), upon request, this Court is authorized to conduct an expedited oath ceremony or to order USCIS to perform administrative naturalizations. This complaint constitutes such a request on behalf of Plaintiffs and proposed class members within the jurisdiction of the USCIS Philadelphia Field Office for an order compelling USCIS to "provide for immediate administrative naturalization." 8 U.S.C. § 1448(c).

8. To be clear, Plaintiffs do not complain that USCIS improperly cancelled large, in-person naturalization ceremonies to protect the public welfare. However, even though USCIS is now beginning to conduct small naturalization ceremonies again, a much larger, expedited effort is needed to accommodate the hundreds of Plaintiffs and proposed class members whose paths to U.S. citizenship have been delayed due to the cancellations to ensure that they are not needlessly harmed by any additional delays.

9. Plaintiffs estimate that there are hundreds of similarly situated individuals in this District alone. Absent intervention by this Court, it will take, at best, several months for Defendant USCIS to conduct enough naturalization ceremonies to become current and, meanwhile, Plaintiffs and putative class members would continue to be denied the rights and privileges conferred by U.S. citizenship.

## JURISDICTION AND VENUE

10. This action arises under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*. and implementing regulations, the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq*., and the Constitution of the United States.

11. Jurisdiction is proper under 8 U.S.C. § 1448(c) (request for expedited judicial oath ceremony or immediate administrative naturalization), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1651 (the All Writs Act), 28 U.S.C. § 1361 (mandamus), 5 U.S.C. § 701 *et seq*. (APA), and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act). The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

12. This Court may grant declaratory and injunctive relief pursuant to 8 U.S.C. § 1448(c), 5 U.S.C. § 702, 28 U.S.C. § 1651, and 28 U.S.C. §§ 2201-2202.

13. Venue is proper in this District under 28 U.S.C. § 1391(e) because this is a civil action in which Defendant is an agency of the United States, Plaintiffs Maria Campbell Davis and Abdel Wahab Alaussos reside in this District, and a substantial part of the events or omissions giving rise to the claims in this action took place in this District. In addition, no real property is involved in this action.

## PARTIES

14. Maria Campbell Davis (Ms. Campbell Davis) is a native and citizen of Jamaica and is a

lawful permanent resident of the United States. She is a resident of Philadelphia, Pennsylvania. Ms. Campbell Davis was interviewed for naturalization in January 2020, and was later scheduled for an oath ceremony to take place on March 19, 2020. She received a notice on March 13, 2020, cancelling her oath ceremony and has not been rescheduled for a ceremony since then.

15. Abdel Wahab Alaussos (Mr. Alaussos) was born in Kuwait. He is citizen of Syria and a lawful permanent resident of the United States. He is a resident of Glenside, Pennsylvania. Mr. Alaussos's naturalization application was approved in March 2020, but he was never scheduled for an oath ceremony.

16. Defendant USCIS is a component of the Department of Homeland Security (DHS), 6 U.S.C. § 271, and an agency within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for adjudicating naturalization applications, including, but not limited to: interviewing naturalization applicants; waiving the oath of allegiance in appropriate cases; planning, scheduling, rescheduling, and conducting public oath ceremonies; and administering individual oaths of allegiance on a case-by-case basis or when a district court refers a person for an immediate administrative naturalization pursuant to 8 U.S.C. § 1448(c).

17. Defendant Kenneth T. Cuccinelli is sued in his official capacity as, at the time this Complaint is filed, the Senior Official Performing Duties of the Director, as the position of USCIS Director remains vacant. In this position, he is responsible for overseeing the adjudication of immigration benefits and establishing and implementing governing policies.

18. Defendant Chad Wolf is sued in his official capacity as the Secretary of the Department of Homeland Security (DHS). In this position, he is responsible for the administration and enforcement of the immigration and naturalization laws. *See* 8 U.S.C. § 1103(a); *see also* Homeland Security Act of 2002, Pub. L. No. 107-296, § 402,116 Stat. 2135, 2177 (Nov. 25,

2002).

19. Defendant Kathleen Bausman is sued in her official capacity as the Field Office Director of the Philadelphia Field Office of USCIS. The Philadelphia Field Office services the State of Delaware and the Commonwealth of Pennsylvania. In this capacity, Bausman is responsible for, including, but not limited to: interviewing naturalization applicants; waiving the oath of allegiance in appropriate cases; planning, scheduling, rescheduling, and conducting public oath ceremonies; and administering individual oaths of allegiance on a case-by-case basis or when a district court refers a person for an immediate administrative naturalization pursuant to 8 U.S.C. § 1448(c).

20. Defendant William P. Barr is sued in his official capacity as the Attorney General of the United States. In this position, he has "[s]uch authorities and functions . . . relating to the immigration and naturalization of [noncitizens] as were exercised by the Executive Office for Immigration Review, or by the Attorney General with respect to the Executive Office for Immigration Review, on the day before the effective date of the Immigration Reform, Accountability and Security Enhancement Act of 2002." *See* 8 U.S.C. 1103(g)(1).

## BACKGROUND

### *Overview of the Naturalization Process*

21. To naturalize as a U.S. citizen, an applicant must satisfy certain eligibility criteria under the Immigration and Naturalization Act (INA) and its implementing regulations. *See generally* 8 U.S.C. §§ 1421-1458; 8 C.F.R. §§ 316.1-316.14.

22. Applicants must prove that they are "at least 18 years of age," 8 C.F.R. § 316.2(a)(1); have "resided continuously, after being lawfully admitted" in the United States, "for at least five years;" and have been "physically present" in the United States for "at least half of that time." 8

U.S.C. § 1427(a)(1).

The statutory and regulatory time requirements set forth in paragraphs 21-22 are modified for certain persons who married U.S. citizens and employees of certain nonprofit organizations, and veterans. *See generally id.* §§ 1430, 1439-40; 8 C.F.R. §§ 319.1, 319.4, 328.2, 329.2.

23. Once an individual submits an application, USCIS must conduct a background investigation, *see* 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1, which includes a full criminal background check by the Federal Bureau of Investigation, *see* 8 C.F.R. § 335.2.

24. After completing the background investigation, USCIS must schedule a naturalization examination during which the applicant meets with a USCIS examiner for an interview. 8 U.S.C. § 1446(b); 8 C.F.R. §§ 316.14, 335.2. The applicant is tested with respect to English language proficiency and knowledge of U.S. history and government. 8 U.S.C. § 1423(a); 8 C.F.R. §§ 312.1, 312.2. At this examination, the applicant signs the oath of allegiance before a USCIS officer.

25. If the applicant has complied with all requirements for naturalization, USCIS "shall grant the application." 8 C.F.R. § 335.3(a).

26. The final step is generally an oath of allegiance to the United States that the applicant must make in a "public ceremony." 8 U.S.C. § 1448(a); 8 C.F.R. §§ 310.3, 337.1. USCIS may waive this requirement for children and individuals with a "physical or developmental disability or mental impairment." 8 U.S.C. § 1448(a). Similarly, pursuant to 8 U.S.C. § 1448(c), USCIS may provide for immediate administrative naturalization where an "expedited judicial oath administration ceremony is impracticable."

27. Although 8 U.S.C. § 1421(a) provides that "[t]he sole authority to naturalize persons as

citizens of the United States is conferred upon the [Secretary of Homeland Security],"[3] 8 U.S.C. § 1421(a), the DHS Secretary may delegate the authority to administer the oath to certain DHS officials (including USCIS officials) and immigration judges "as may be necessary for the efficient administration of the naturalization program," 8 C.F.R. § 337.2(b).

28.     Furthermore, Congress authorized the U.S district courts and certain state courts to administer the oath of allegiance. 8 U.S.C. § 1421(b).

29.     In this District, applicants may choose to take the oath of allegiance in an administrative ceremony before USCIS or, if available, in a judicial ceremony before this Court. 8 U.S.C. § 1421(b)(1)(A).

30.     An applicant for naturalization is deemed a U.S. citizen as of the date of the oath of allegiance. 8 C.F.R. § 337.9(a).

### *USCIS' Obligations and Authority to Conduct Expeditious Naturalization Ceremonies*

31.     Congress provided that DHS "shall prescribe rules and procedures to ensure that [USCIS-conducted oath ceremonies] . . . are public, conducted frequently and at regular intervals, and are in keeping with the dignity of the occasion." 8 U.S.C. § 1448(d); *see also* 8 C.F.R. § 337.2(a) ("Naturalization ceremonies will be conducted at regular intervals as frequently as necessary to ensure timely naturalization, but in all events at least once monthly where it is required to minimize unreasonable delays.").

32.     After USCIS approves a naturalization application, an individual can take the oath of allegiance at any time. Some individuals take the oath at the interview or on the same day.

---

[3] Under the Homeland Security Act of 2002, Pub. L. No. 107–296, 116 Stat. 2135 (May 11, 2005), any reference to the Attorney General in a provision of the Immigration and Nationality Act describing functions which were transferred from the Attorney General or other Department of Justice official to the Department of Homeland Security by the HSA "shall be deemed to refer to the Secretary" of Homeland Security. The Department of Homeland Security is now responsible for naturalization.

USCIS provides others either a scheduling notice informing them of the date of their naturalization ceremony or a notification that they are in the queue and will be scheduled for the next available naturalization ceremony. In some circumstances, a USCIS officer will travel to an individual's residence to administer the oath.

33. If "derogatory information" arises subsequent to the interview—including disqualifying conduct that occurs after the interview but before the oath is taken—the applicant may be excluded from the public ceremony and thus be prevented from naturalizing until the matter is resolved. *See* 8 C.F.R. §§ 335.5, 337.2(c).

34. USCIS or a district court may grant an individual an "expedited judicial oath administration ceremony or administrative naturalization by the [Secretary of DHS] upon demonstrating sufficient cause." 8 U.S.C. § 1448(c); *see also* 8 C.F.R. § 337.3(a). In making this determination, USCIS or a district court "shall consider special circumstances." *Id*.

35. Special circumstances may include but are not limited to: "serious illness of the applicant or a member of the applicant's immediate family," "advanced age," or "exigent circumstances relating to travel or employment." 8 U.S.C. § 1448(c); *see also* 8 C.F.R. § 337.3(a).

36. "If an expedited judicial oath administration ceremony is impracticable, the court shall refer such individual to the [Secretary of DHS] who may provide for immediate administrative naturalization." 8 U.S.C. § 1448(c); *see also* 8 C.F.R. § 337.3(b).

37. To request an expedited administration of the oath of allegiance, individuals must submit a written request to either the court or USCIS with "sufficient information to substantiate the claim of special circumstances to permit either the court or USCIS to properly exercise the discretionary authority to grant the relief sought." 8 C.F.R. § 337.3(c).

38. An expedited administrative naturalization could entail conducting virtual oath

ceremonies remotely, administering the oath telephonically, providing final approval based on the oath of allegiance taken at the naturalization interview, or scheduling individual oath ceremonies in accordance with state safety measures.

## FACTUAL ALLEGATIONS

### *Plaintiffs' Naturalization Applications*

39.     Plaintiff Maria Campbell Davis filed an application for naturalization on July 19, 2019, with the Philadelphia USCIS Field Office. She attended an interview on her application for naturalization on January 14, 2020. USCIS granted Ms. Campbell Davis's naturalization application and scheduled her to appear at a naturalization ceremony on March 19, 2020, at 8:15 a.m. On March 13, 2020, USCIS cancelled that ceremony due to the COVID-19 pandemic. Delayed naturalization harms Ms. Campbell Davis by preventing her from registering to vote. Moreover, naturalization will preserve Ms. Campbell-Davis's ability to petition for her Jamaican sons to immigrate to the United States.

40.     Plaintiff Abdel Wahab Alaussos filed an application for naturalization on December 12, 2018, with the Philadelphia USCIS Field Office. He attended an interview on his application for naturalization in July 2019. USCIS did not immediately grant Mr. Alaussos's application, and on January 8, 2020, he filed a lawsuit under 8 U.S.C. § 1447(b) to seek naturalization before this Court. The Court remanded the case, and USCIS subsequently granted his naturalization application in March 2020. However, due to the COVID-19 pandemic, Mr. Alaussos was never scheduled for an oath ceremony. Since mid-March 2020, USCIS's online case status portal has displayed the same message that Mr. Alaussos will be scheduled for a naturalization interview at an unspecified date in the future. Delayed naturalization causes harm to Mr. Alaussos each day that he is separated from his wife and children, who are currently in Turkey. Because he is

waiting for his oath ceremony, he cannot travel to be with them. In addition, delayed naturalization prevents him from applying to obtain immediately a visa for his wife as the spouse of a U.S. citizen. *See* 8 U.S.C. § 1151(b)(2)(A)(i). Finally, the delay in Mr. Alaussos's oath ceremony prevents him from registering to vote.

### *The Impact of COVID 19 on Naturalization Ceremonies Conducted and Scheduled by the Philadelphia Field Office*

41.     Prior to the outbreak of COVID-19, individuals who successfully completed a naturalization interview were scheduled for a naturalization ceremony. Individuals would receive a scheduling notice from USCIS informing them of the date of the naturalization ceremony. In some instances, if a naturalization ceremony was taking place on the day of the interview, the individual would take the oath of allegiance that same day.

42.     The USCIS Philadelphia Field Office conducted approximately four naturalization ceremonies per week at the USCIS Field Office in Philadelphia.

43.     The USCIS Philadelphia Field Office naturalized approximately 420 individuals per week prior to the outbreak of COVID-19.

44.     The USCIS Philadelphia Field Office shut down operations on or about March 18, 2020, due to government orders implemented to reduce the spread of COVID-19.[4]

45.     No naturalization ceremonies were conducted between March 18, 2020, and May 12, 2012.

46.     USCIS did not issue new scheduling notices to individuals who had approved naturalization applications during the COVID-19 shutdown.

47.     On May 12, 2012, in an outdoor ceremony, a York County judge administered the oath of

---

[4]     *See* USCIS Temporarily Closing Offices to the Public March 18 - April 1, USCIS (Mar. 17, 2020), https://tinyurl.com/yd6y4uxa.

allegiance to six people whose naturalization ceremonies were cancelled due to the COVID-19 pandemic.[5]

48.     In Lancaster, Pennsylvania, the naturalization ceremony scheduled for June 19, 2020, was cancelled. The next ceremony is not scheduled until September 18, 2020.[6]

49.     The USCIS Philadelphia Field Office resumed some operations in accordance with state safety protocols on June 4, 2020, including naturalization ceremonies.[7] On information and belief, the USCIS Philadelphia Field Office will hold ceremonies with only five people several times a day, amounting to approximately 75 individuals becoming U.S. citizens a week.

50.     In early June, the USCIS Philadelphia Field Office announced that it will begin to hold a limited number of naturalization interviews in late June. Thus, they will face additional numbers of persons entitled to oath ceremonies.

51.     The Commonwealth of Pennsylvania safety protocols prohibit gatherings of more than 25 individuals and encourage individuals to maintain six feet of distance from one another as well as avoid non-essential travel.[8]

52.     It will take several months, under current measures, for the USCIS Philadelphia Field Office to administer the oath of allegiance to Plaintiffs and proposed class members.

---

[5]     *See* Liz Evans Scolforo, *Six York County Residents Become U.S. Citizens After Swearing Oath of Allegiance*, York Dispatch, May 12, 2020, https://tinyurl.com/y96c2aaf.

[6]     *See* Notice: June 19, 2020 Naturalization Ceremony Is Cancelled, Lancaster Cty. (last accessed June 8, 2020), https://co.lancaster.pa.us/246/Naturalization.

[7]     *See* Pennsylvania-Philadelphia Field Office, USCIS (June 3, 2020), https://tinyurl.com/yaoy89ln.

[8]     *See* Process to Reopen Pennsylvania, PA.GOV: Governor Tom Wolf (lasted updated June 9, 2020), https://www.governor.pa.gov/process-to-reopen-pennsylvania/.

*Harm to Plaintiffs and Proposed Class Members*

53. The cancellation and delayed scheduling of oath ceremonies in the weeks following the outbreak of COVID-19 causes significant harm to Plaintiffs and proposed class members.

54. As a result of the delay, Plaintiffs and proposed class members are unable to become U.S. citizens and to obtain the full enjoyment of the rights and privileges of U.S. citizenship. Among such rights is the right to vote in state, local, and federal elections.

55. The ability to vote in a presidential election is a fundamental privilege of U.S. citizenship. In order to vote in the federal elections on November 3, 2020, Plaintiffs and putative class members must register to vote by mail or online on or before October 19, 2020.

56. The deprivation of, and delayed access to, U.S. citizenship can have a devastating impact on the lives of Plaintiffs and proposed class members, their families, and their communities. Some individuals are cut off from essential benefits like Social Security Income. Some will not become eligible to apply for other public benefits that they may desperately need during the economic downturn caused by the pandemic. Others face prolonged separation from immediate family members for whom they are waiting to file immigrant visa petitions. And all will be denied their right to register to vote and fully participate in this democracy by voting in the upcoming general elections if they are not naturalized in time to register to vote before the elections.

## CLASS ACTION ALLEGATIONS

57. Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) on behalf of themselves and all other persons similarly situated. The proposed class is defined as follows:

> All individuals within the jurisdiction of the USCIS Philadelphia Field Office whose scheduled oath ceremony was cancelled or whose oath ceremony was not scheduled due

to outbreak of the COVID-19 pandemic and have not been rescheduled for an oath ceremony to take place on or before September 28, 2020.

58. The proposed class meets the requirements of Rule 23(a)(1) because it is so numerous that joinder of all members is impracticable. The number of proposed class members is not known with precision by Plaintiffs, but is easily ascertainable by Defendant Bausman who is the head of the Philadelphia Field Office. Prior to the outbreak of COVID-19, the USCIS Philadelphia Field Office had scheduled oath ceremonies for hundreds of individuals, which it subsequently cancelled. The members of the proposed class are ascertainable and identifiable by Defendants.

59. The proposed class meets the commonality requirements of Rule 23(a)(2) because all Plaintiffs and proposed class members have suffered and are suffering the same injury: the cancellation of their oath ceremony and ensuing delayed naturalization. Plaintiffs and the proposed class also share the same legal claims, which include, but are not limited to, enforcing 8 U.S.C. § 1448(c) and (d) and its implementing regulations, 5 U.S.C. § 706(1), and 28 U.S.C. § 1361.

60. Similarly, the proposed class meets the typicality requirements of Rule 23(a)(3) because the claims of the representative Plaintiffs are typical of the claims of the class as a whole. Plaintiffs, and the class they seek to represent, are all individuals who have had or will have their oath ceremonies cancelled and rescheduled due to the pandemic.

61. The adequacy requirements of Rule 23(a)(4) also are met. Plaintiffs know of no conflict between their interests and those of the proposed class. Plaintiffs seek the same relief as the other members of the class, namely that the Court order Defendant USCIS to conduct administrative naturalizations for Plaintiffs and proposed class members on or before September 28, 2020. In defending their own rights, the individual Plaintiffs will defend the rights of all class members

fairly and adequately.

62. Plaintiffs are represented by counsel with deep knowledge of immigration and naturalization law, and extensive experience litigating class actions and complex cases. Counsel have the requisite level of expertise to adequately prosecute this case on behalf of Plaintiffs and the proposed class.

63. Finally, the proposed class satisfies Rule 23(b)(2) because Defendants have acted on grounds generally applicable to the class in cancelling and/or delaying the rescheduling of oath ceremonies due to the pandemic. Thus, final injunctive and declaratory relief—an order from this Court compelling USCIS to schedule and conduct oath ceremonies on or before September 28, 2020—is appropriate with respect to the class as a whole.

## CAUSES OF ACTION

### COUNT ONE
### (Immigration and Nationality Act & Immigration Regulations)

64. Section 1448(c) of 8 U.S.C. authorizes a district court to grant an individual an "expedited judicial oath administration ceremony or administrative naturalization . . . upon demonstrating sufficient cause." 8 U.S.C. § 1448(c).

65. In determining whether good cause is shown, Defendants must consider special circumstances, including, but not limited to, "serious illness of the applicant or a member of the applicant's immediate family," "advanced age," or "exigent circumstances relating to travel or employment." 8 U.S.C. § 1448(c); *see also* 8 C.F.R. § 337.3(a).

66. This action constitutes Plaintiffs' and class members' written request for expedited naturalization under § 1448(c). Good cause exists due to the extended delays caused by the pandemic.

67. Absent this Court's intervention in ordering expedited oath ceremonies or administrative

naturalizations, Plaintiffs and proposed class members face substantial harm as a result of their delayed ability to complete the last step of the naturalization process to obtain U.S. citizenship and to enjoy the rights and privileges of U.S. citizenship.

**COUNT TWO**
**(Administrative Procedure Act)**

68.     Section 706(1) of Title 5 provides that a reviewing court shall compel agency action unlawfully withheld. 5 U.S.C. § 706(1).

69.     Defendants are obligated to conduct frequent and regular oath ceremonies. 8 U.S.C. § 1448(d); *see also* 8 C.F.R. § 337.2(a) (requiring oath ceremonies "at least once monthly where it is required to minimize unreasonable delays.").

70.     The Philadelphia USCIS Field Office has not held frequent or regular oath ceremonies since mid-March 2020, nor has it conducted administrative naturalizations to Plaintiffs and proposed class members.

71.     Defendants' withholding of administrative naturalizations harms Plaintiffs and proposed class members by delaying their ability to complete the last step of the naturalization to obtain U.S. citizenship and to enjoy the rights and privileges of U.S. citizenship.

72.     Defendants' withholding of administrative naturalization constitutes an unlawful withholding of an agency action in violation of the Administrative Procedure Act.

73.     There are no other adequate available remedies.

**COUNT THREE**
**(Petition for Mandamus, 28 U.S.C. § 1361)**

74.     Mandamus is available to compel a federal official or agency to perform a duty if: (1) there is a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *See* 28 U.S.C. § 1361.

75.     Defendants are obligated to conduct frequent and regular oath ceremonies. 8 U.S.C. § 1448(d); *see also* 8 C.F.R. § 337.2(a) (requiring oath ceremonies "at least once monthly where it is required to minimize unreasonable delays").

76.     The Philadelphia USCIS Field Office has not held frequent or regular oath ceremonies since mid-March 2020, nor has it conducted administrative naturalizations.

77.     Defendants' actions, or lack thereof, harm Plaintiffs and proposed class members by delaying their ability to complete the last step of the naturalization process to obtain U.S. citizenship and to enjoy the rights and privileges of U.S. citizenship.

78.     There are no other adequate remedies available.

79.     Defendants' actions, or lack thereof, warrant relief under 8 U.S.C. § 1631.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray this Court to:

a.     Assume jurisdiction over this matter;

b.     Certify a class pursuant to Federal Rule of Civil Procedure 23;

c.     Order Defendants to schedule and conduct immediate administrative naturalizations for Plaintiffs and proposed class members utilizing all available technologies or schedule and conduct expedited judicial oath ceremonies, on or before September 28, 2020;

d.     In the alternative, declare that Defendants' failure to implement adequate measures and failure to utilize available technologies to conduct administrative naturalization during the pandemic violates the INA and implementing regulations, and the APA;

d.     Award reasonable costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d); 5 U.S.C. § 504, and any other applicable statute or regulation; and

e.  Grant such further relief as the Court deems just and proper.

Respectfully submitted,

s/*Jonathan Feinberg*
Jonathan H. Feinberg
Kairys, Rudovsky, Messing, Feinberg
    & Lin LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
jfeinberg@krlawphila.com

Trina Realmuto*
Mary Kenney*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
trina@immigrationlitigation.org
mary@immigrationlitigation.org

Matt Adams*
Aaron Korthuis*
Northwest Immigrant Rights Project
615 2nd Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
matt@nwirp.org
aaron@nwirp.org

Stacy Tolchin*
Law Offices of Stacy Tolchin
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
(213) 622-7450
stacy@Tolchinimmigration.com

*Attorneys for Plaintiffs*

* Moving for *pro hac vice* admission

June 10, 2020